## (September 29, 1965)

■ JAMES BULLARD, as Administrator of the Estate of JAMES BULLARD, JR., Deceased, Respondent, v. HERTZ CORPORATION, Defendant, and HAROLD BOLLT et al., Appellants.— In an action to recover damages for wrongful death and for personal injuries to plaintiff's intestate, defendants Bollt appeal from an order of the Supreme Court, Queens County, entered December 9, 1964, which granted plaintiff's motion to direct his attorney to pay over to plaintiff $4,000 in escrow moneys. Order affirmed, with $10 costs and disbursements. The payment in question shall be made within 20 days after entry of the order hereon. On May 17, 1963 plaintiff's wrongful death and personal injury action was settled for $19,500 on condition that $4,000 of the settlement proceeds be held in escrow "pending determination of any matter in workmen's compensation," and "until such time as all of the rights and interests of any one concerned with those funds is determined." On May 29, 1963 a compromise order was signed which provided that the $4,000 was to be held in escrow pending determination of any lien in workmen's compensation against said sum. On April 14, 1964 the Workmen's Compensation Board directed (a) the insurance carrier of plaintiff's intestate's employer to pay $1,500 into "the fund for reopened cases" (Workmen's Compensation Law, § 25-a, subd. 3); (b) $500 into the "vocational rehabilitation fund" (Workmen's Compensation Law, § 15, subd. 9); (c) the employer to pay $2,000 as double indemnity because of the illegal employment of plaintiff's intestate (Workmen's Compensation Law, § 14-a); and (d) that the case be closed. Thereafter the employer's insurance carrier commenced actions against appellants to recover the $2,000 paid into the two special funds, and against the employer to recover the $2,000 paid for the double indemnity. When plaintiff moved to compel his attorney to pay to him the $4,000 held in escrow, defendants Bollt opposed the motion on the ground of the pendency of these actions. In our opinion, plaintiff's motion was properly granted. There is no claim of lien against the escrow moneys by virtue of any of the pending actions. Nor is plaintiff obligated in any way to reimburse appellants for the latters' liability for the $2,000 paid into the two special funds. In the absence of any such liability, there is no basis on which to deny plaintiff the right to the escrow moneys. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.